■ JOSEPH D'IORIO, as Administrator of the Estate of VITO D'IORIO, Deceased, Respondent, v THOMAS F. BRANCOCCIO, Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries and property damage, the defendant appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated August 1, 1984, which denied his motion for summary judgment on the ground that plaintiff had failed to meet the threshold requirements for serious injury pursuant to Insurance Law § 5102 (d).

Order reversed, on the law, with costs, motion granted and complaint dismissed.

As a result of a motor vehicle accident on May 13, 1981, Vito D'Iorio suffered personal injuries and thereafter commenced the instant action, *inter alia*, to recover damages therefor. Mr. D'Iorio has since died of causes unrelated to the accident and his personal representative has been substituted in his stead. Plaintiff's decedent allegedly sustained the following injuries as set forth in the verified bill of particulars:

"Aggravation of a previously existing dislocation of the right shoulder. Said injury subjected plaintiff['s decedent] to pain and limitation of motion, requiring plaintiff['s decedent] to seek medical attention on numerous occasions and requiring extensive physical therapy * * *

"Upon information and belief, plaintiff['s decedent suffered] from permanent pain and limitation of motion of the right shoulder * * *

"Plaintiff['s decedent] was confined to bed from 5/13/81 to

5/20/81 and was confined to home through 5/23/81. Plaintiff['s decedent] was not confined to the hospital".

Defendant moved for summary judgment pursuant to CPLR 3212 on the ground of lack of subject matter jurisdiction inasmuch as there was no showing that plaintiff's decedent had sustained serious injury within the meaning of Insurance Law § 5102 (d) (Insurance Law former § 671 [4]). As defined by that section, " '[s]erious injury' means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment".

It is incumbent upon the court to decide in the first instance whether a plaintiff has established a prima facie case of serious injury within the meaning of the statute (see, Licari v Elliott, 57 NY2d 230, 237). In the instant case, the medical reports of plaintiff's decedent's treating physicians showed no evidence of either fracture or dislocation. Plaintiff's decedent's range of motion after the injury was described as fairly good although accompanied by pain. He admitted that he had taken no medication other than Anacin for his injuries.

On these facts, plaintiff's allegation of the extent of his decedent's physical injuries does not fit within the statutory definition of "serious injury" (Insurance Law § 5102 [d]). Although we are cognizant of the fact that since the date of the order appealed from plaintiff has been awarded summary judgment on the issue of liability by order dated June 10, 1985 (Hurowitz, J.), based upon the prior striking of defendant's answer, there must be a reversal here because Special Term erred in refusing to dismiss the complaint where plaintiff presented no evidence of serious injury. Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.