KERKES TORRES et al., Respondents, v JOSEPH DA SILVA, Appellant.

On January 6, 1984, the infant plaintiff, while a pedestrian, was struck by a motor vehicle operated by the defendant. Thereafter, the instant action was commenced, *inter alia,* to recover damages for personal injuries allegedly suffered as a result of the accident. After joinder of issue the plaintiffs served the defendant with a bill of particulars which indicated that: (1) following the accident the infant plaintiff was taken to a hospital emergency room where he was examined and released, (2) he suffered "serious and permanent injuries" as a result of the accident consisting of persistent pain to the lower back and neck, abrasions of the left elbow, severe and chronic headaches and dizziness, pain to the right leg, and anxiety, (3) all the injuries indicated were permanent, and (4) the infant plaintiff was confined to bed at home for one week and missed one week of school. The plaintiffs also served the defendant with a copy of the hospital record and X-ray report which indicated no fracture or dislocation of the infant's left elbow and lumbosacral spine and diagnosed his condition as consisting of contusions of the back and left elbow joint. The hospital records also indicated that the infant plaintiff was examined and released from the hospital about one hour and 20 minutes after being admitted to the emergency room.

The defendant moved for summary judgment on the ground of the plaintiffs' failure to make a showing that the infant had sustained a serious injury within the meaning of the Insurance Law § 5102 (d). In his affidavit in support the defendant's counsel referred, *inter alia,* to the hospital record and X-ray report.

In opposition to the motion, the plaintiffs submitted their

counsel's affirmation and the affidavit of the plaintiff Irma Coreano, the infant's mother, which allege that the infant plaintiff suffers from constant pain and anxiety.

On review of the record, we conclude that the plaintiffs failed to meet the serious injury threshold requirement of Insurance Law § 5102 (d). The plaintiffs' subjective evaluation of the infant plaintiff's condition, unsupported by the medical evidence, is insufficient to establish their claim of serious injury (see, Dwyer v Tracey, 105 AD2d 476; De Filippo v White, 101 AD2d 801; Zoldas v Louise Cab Corp., 108 AD2d 378; see also, D'Iorio v Brancoccio, 115 AD2d 634). Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.