■ James McLiverty, Appellant, v Robert T. Urban et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated May 30, 1986, which denied his motion for summary judgment and granted the defendants' cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendants were granted summary judgment on the ground that the plaintiff had failed to show that he had sustained a "serious injury" pursuant to Insurance Law § 5102 (d). The court has the duty in the first instance to decide whether a plaintiff has established a prima facie case of serious injury within the meaning of Insurance Law § 5102 (d) *(see, Licari v Elliott,* 57 NY2d 230, 237). In the instant case, the record shows that the plaintiff suffers from a mild partial disability which has not curtailed any of his routine activities or prevented him from continuing his employment. Moreover, with the exception of a short period after the initial injury, the plaintiff has admitted that he has taken no medication for his injuries. The only competent medical report in the record indicates that the plaintiff's range of motion is normal although in some instances motion is accompanied by pain. This report also indicates that it was "probable" that plaintiff will continue to complain of recurrences and remissions of pain;

however, that prognosis falls short of establishing that the plaintiff's disability is permanent. Upon these facts, we conclude that the plaintiff has failed to establish a "permanent loss" or "permanent consequential limitation of use of a body organ or member" (see, Kordana v Pomellito, 121 AD2d 783, 784, appeal dismissed 68 NY2d 848; D'Iorio v Brancoccio, 115 AD2d 634, 635; Dwyer v Tracey, 105 AD2d 476).

In view of our decision that the plaintiff's injuries do not fit within the statutory definition of "serious injury" (Insurance Law § 5102 [d]), we need not address the issue of liability. Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.