■ MELANIO TIRADO, Respondent, v BRUCE T. CRAIG et al., Appellants. [663 NYS2d 831] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated July 10, 1996, which denied their motion for summary judgment dismissing the complaint based upon the plaintiff's failure to sustain a serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

In light of the plaintiff's admission at his deposition that he did not miss any work as a result of the accident and that he missed only one day of school, he has failed to raise a triable issue of fact as to whether his injuries prevented him from performing substantially all of the material acts constituting his customary daily activities during at least 90 of the first 180 days following the accident *(see, Letellier v Walker,* 222 AD2d 658).

The plaintiff also sought to recover damages by claiming that he had suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). However, the plaintiff failed to provide objective evidence of the extent or degree of the limitation and thus failed to establish that he suffered a significant limitation *(see, Beckett v Conte,* 176 AD2d 774).

In addition, the plaintiff has failed to establish a " 'permanent loss' " or " 'permanent consequential limitation of use of a body organ or member' " *(McLiverty v Urban,* 131 AD2d 449, 450). The plaintiff did not miss any work as a result of the accident, has not curtailed most of his routine activities, and has admitted that he did not take any medication for his injuries with the exception of taking aspirin on the night following the accident. Miller, J. P., Thompson, Joy and Luciano, JJ., concur.