■ AMY GOEBEL, Respondent, v WILLIAM B. HARRIS, Appellant. (And a Third-Party Action.) [661 NYS2d 641] —In an action

to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Golia, J.), dated February 4, 1997, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff had not sustained serious injury as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In light of the plaintiff's admission at her deposition that she missed only six days of work as a result of the accident, she has failed to raise a triable issue of fact as to whether her injuries prevented her from performing substantially all of the material acts constituting her customary daily activities during at least 90 out of the first 180 days following the accident *(see, Letellier v Walker,* 222 AD2d 658).

In an affirmed report which was submitted in opposition to the motion, Dr. Thomas M. Mauri noted that when he examined the plaintiff both five days after the subject accident and three years thereafter, the range of motion in her cervical spine was unchanged from what it had been before the accident. There was, therefore, insufficient evidence to establish that the plaintiff suffered either permanent loss of use or significant limitation of a body organ, member, function, or system *(see,* Insurance Law § 5102 [d]; *Sothiros v Pinello,* 209 AD2d 687). In light of the limited amount of time which the plaintiff missed from work as a result of the accident, her failure to specify activities which she could no longer perform as a result of the accident, and her admission that she took medication to alleviate her pain only once a month, the plaintiff has failed to establish a permanent consequential limitation of use of a body organ, member, function, or system *(see, McLiverty v Urban,* 131 AD2d 449). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.