■ CARMELLA LA FRENIRE, Respondent, v CAPITAL DISTRICT TRANSPORTATION AUTHORITY, Defendant, and SCHALMONT SCHOOL DISTRICT et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Crangle, J.), entered September 23, 1982 in Schenectady County, which denied defendants' motion for summary judgment. On March 4, 1981, plaintiff was a passenger on a bus owned by defendant Capital District Transportation Authority (CDTA). The CDTA bus was struck in the rear by a school bus owned by defendant Schalmont School District and operated by defendant Francis Severino. As a result of injuries sustained in the collision, plaintiff was taken to the hospital and examined. She was discharged on the same day with aftercare instructions to rest and consult her own physician. Thereafter, plaintiff commenced this action to recover damages for serious injuries allegedly sustained as a result of defendants' negligence in the March 4, 1981 accident. Defendants school district and Severino, joined by defendant CDTA, moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a "serious injury" within the meaning of subdivision 4 of section 671 of the Insurance Law and, thus, pursuant to subdivision 1 of

section 673 of the Insurance Law, was not entitled to recover for her noneconomic loss. Special Term denied defendants' motion for summary relief and this appeal by defendants school district and Severino ensued. Subdivision 1 of section 673 of the Insurance Law provides that there shall be no right of recovery for noneconomic loss arising out of negligence in the use or operation of a motor vehicle, except in the case of "serious injury". The definition of "serious injury" is contained in subdivision 4 of section 671 of the Insurance Law. Plaintiff alleges in her complaint and bill of particulars that she sustained "permanent consequential loss of the normal function of her left eye, vision, back and urinary system". Further, she alleges that as a consequence of her injuries she was "prevented from performing all of the material acts constituting her usual and customary daily activities for a period of not less than 90 days during the one-hundred eighty days immediately following the occurrence". Such allegations, if proved, fall squarely within the statutory definition of "serious injury". To obtain summary judgment dismissing the complaint on the ground that plaintiff did not sustain a "serious injury" within the meaning of the Insurance Law, defendants have the burden of establishing a defense " 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). Here, defendants submitted two affidavits of their attorneys, neither of whom are qualified medical experts with the requisite knowledge to characterize plaintiff's injuries. While defendants attached to their moving papers three medical reports written by physicians who examined plaintiff, such reports, not being in depositional form, are unsworn hearsay statements (see *Boschen v Stockwell,* 224 NY 356). Similarly, the unsworn statement of plaintiff's employment supervisor is inadmissible as proof to support defendants' motion for summary judgment. We conclude, therefore, that defendants have failed to sustain their burden by a tender of evidentiary proof in admissible form that plaintiff did not sustain a "serious injury" within the meaning of the Insurance Law. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.