■ CHRISTOPHER DE FILIPPO, Respondent, v ROBERT WHITE, Appellant. — In an negligence action, *inter alia*, to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Nassau County (Vitale, J.), dated March 15, 1983, which denied his motion which, in effect, was for summary judgment dismissing the first cause of action. ¶ Order reversed, on the law, without costs or disbursements, and defendant's motion which, in effect, was for summary judgment dismissing the first cause of action is granted. ¶ The instant action was commenced by plaintiff, *inter alia*, to recover damages for personal injuries resulting from an incident which occurred on March 5, 1982, when his car was struck by a vehicle driven by defendant. ¶ After joinder of issue, plaintiff served defendant with a bill of particulars which indicated that (1) he had suffered, *inter alia*, a cerebral concussion, cervical and lower back sprain with attendant pain and (2) the injuries were "permanent in nature, with loss of use [and] function of motion of the injured areas". In his bill of particulars, plaintiff also alleged that he was "incapacitated from employment" from March 5, 1982 until May 10, 1982, when he returned to work on a part-time basis, i.e., "3 or 4 hours daily", and thereafter returned to work full time on June 7, 1982. ¶ Plaintiff also served defendant with two medical reports, one from his orthopedist and one from his neurologist, prepared in September and October, 1982, respectively. These

reports indicated that (1) plaintiff had suffered an acute cervical and lower back sprain which resulted in pain in his neck and lower back, particularly during damp weather and changes in temperature, (2) plaintiff would experience "periods of remission and exacerbation as is so often seen with neck and lower back injuries", and (3) plaintiff required a cervical collar and physical therapy as modes of treatment. ¶ Thereafter, defendant moved to dismiss the first cause of action on the ground that plaintiff had not sustained a "serious injury" within the meaning of subdivision 4 of section 671 of the Insurance Law. ¶ In his affidavit in support of the motion, defendant's counsel referred the court to the two medical reports as well as to reports of two hospital emergency rooms in support of his contention that plaintiff had not suffered "serious injury" within the meaning of subdivision 4 of section 671 of the Insurance Law. ¶ In opposition to the motion to dismiss, plaintiff's counsel referred to the orthopedist's report as well as a letter from the president of plaintiff's corporate employer which indicated, *inter alia,* that (1) plaintiff was unable to work at all from March 5, 1982 until May 10, 1982 and (2) thereafter, plaintiff worked part time, i.e., on the average of 3½ hours per day, until June 17, 1982. ¶ Plaintiffs' own affidavit in opposition to the motion indicated, *inter alia,* that (1) he was unable to return to work until May 10, 1982 and (2) from that date, he worked part time, i.e., "about 3 to 4 hours daily", until June 7, 1982, when he resumed full work hours. ¶ Special Term, in its decision, considered the evidentiary material supplied by both parties, and denied defendant's motion to dismiss. ¶ We reverse and grant defendant's motion. ¶ Preliminarily, we note that defendant's notice of motion was formally designated as a motion for an order "pursuant to CPLR 3211 (a) (7), dismissing the first cause of action of plaintiff's complaint for failure to state a cause of action". However, it is clear that the parties, by supplying and relying on evidentiary material, and Special Term, by considering this material in its decision, treated the motion as one for summary judgment (see CPLR 3211, subd [c]; cf. *Guggenheimer v Ginzburg,* 43 NY2d 268). Viewed within this perspective, the defendant's motion should have been granted. ¶ Subdivision 4 of section 671 of the Insurance Law defines "serious injury" as follows: "4. 'Serious injury' means a personal injury which results in death; dismemberment; significant disfigurement; a fracture, permanent loss of use of a body organ, member, function or system; * * * or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment." Insofar as is relevant to the case at bar, the medical reports submitted by plaintiff clearly demonstrated that plaintiff did not suffer either permanent loss of a body organ, member, function or system, permanent consequential limitation of use of a body function or system or significant limitation of use of a body function or system (*Licari v Elliott,* 57 NY2d 230; *Daviero v Johnson,* 88 AD2d 732; *Salisbury v St. Louis,* 91 AD2d 745). ¶ Although plaintiff contends in his bill of particulars that his pain was permanent, this subjective evaluation was not supported by the medical reports supplied by plaintiff which, as Special Term itself noted, "did not talk of permanency" (cf. *Harris v St. Johnsbury Trucking Co.,* 57 AD2d 127; *Fernandez v Vukosa,* 108 Misc 2d 48). ¶ Plaintiff's attempt to come within the remaining portion of the statutory definition of "serious injury", i.e., that the nonpermanent injury or impairment prevented him "from performing substantially all of the material acts which constitute [his] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment", is

similarly unavailing. ¶ In defining this "category of the statute" the Court of Appeals stated in *Licari v Elliott* (*supra,* p 236): "the words 'substantially all' should be construed to mean that the person has been curtailed from performing his usual activities to a great extent rather than some slight curtailment. As to the statutory 90/180-day period of disability requirement, it should be considered a necessary condition to the application of the statute." ¶ Plaintiff failed, as a matter of law, to meet this necessary condition to the application of the statute, since, in his own affidavit, he acknowledged that he was absent from work until May 10, 1982 a period of approximately 65 days, and then returned to work, working half-days, i.e., "3 to 4 hours daily", until June 7, 1982, when he resumed working on a full-day basis. ¶ In view of the fact that plaintiff failed to submit "evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067) which would establish a prima facie case of sustaining serious injury, defendant's motion, which, in effect, was for summary judgment dismissing the first cause of action, should have been granted. Mollen, P. J., Titone, Lazer and Mangano, JJ., concur.