MAUREEN CAIAZZO, Respondent, v JACQUELINE A. CRESPI, Appellant.

The plaintiff was involved in an automobile accident on February 1, 1984. She was taken to Nyack Hospital complaining of pain in her neck and X rays were taken which revealed a "normal cervical spine", a diagnosis of cervical sprain was made, and she was released in two hours. The next day she saw a Dr. Richard J. Kubik who saw her five times in the next two months. Dr. Kubik, in a report dated September 20, 1984, stated that at the plaintiff's last visit on March 28, 1984, she had a "full range of motion in her neck, [and] occasional discomfort". Dr. Kubik's prognosis was as follows: "Patient at present has occasional discomfort and, as with any severe injury to the neck, I would *suspect* that within the future for prolonged periods of time, she will have *occasional* pain in her neck during marked changes in the weather and during periods of so-called stress, as in running, walking, standing, or sitting for prolonged periods of time. I would classify her disability as mild, prolonged" (emphasis supplied).

After her March 28, 1984, visit, the plaintiff ended her medical treatment and stated at an examination before trial on February 6, 1985, that she did not require further treat-

ment for her neck. She also stated that she resumed working within six weeks of the accident, but that she could no longer play "pick-up" games of lacrosse and that she felt pain while swimming and lifting heavy boxes.

The defendant moved for summary judgment on the ground that plaintiff did not suffer a serious injury as defined in Insurance Law § 5102 (d). Her motion was supported, *inter alia*, by an affidavit of Dr. Jerome L. Meisel dated May 7, 1985, which stated that he found no objective evidence of injury. Dr. Meisel went on to aver that: "It is my opinion, based on my findings, that the plaintiff sustained a mild or minimal cervical strain and a contusion of her chest wall, both of which injuries, have long since healed."

The plaintiff opposed the motion with the September 20, 1984, report of Dr. Kubik and a prior report of Dr. Meisel's dated February 25, 1985, prepared after he examined the plaintiff on February 19, 1985, which stated that she was "subjectively symptomatic from soft tissue injuries to her cervical spine and chest wall", had minimal residual disability and diagnosed her condition as a "healed cervical strain and contusion, chest wall."

In light of the unequivocal affidavit of Dr. Meisel and the other unrefuted proof that the plaintiff did not suffer a "serious injury" within any threshold of the Insurance Law, Dr. Kubik's "suspicion" that the plaintiff may have "occasional" pain in her neck is insufficient to create a triable issue of fact as to "serious injury". There is no other proof of permanency or significant limitation *(see, Licari v Elliott,* 57 NY2d 230; *Mooney v Ovitt,* 100 AD2d 702).

Accordingly, the defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff had not sustained a "serious injury" as a matter of law, should have been granted. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.