■ LOURDES PADRON et al., Appellants, v JAMES A. HOOD, Defendant, and U.S. FURNITURE INDUSTRIES, INC., Respondent.

On August 22, 1983, the plaintiffs were involved in a two-vehicle accident in the County of Queens. The plaintiffs were allegedly injured as a result of that accident.

Special Term determined that the plaintiffs failed to meet

the threshold requirement of a "serious injury" within the meaning of Insurance Law § 5102 (d) (formerly § 671 [4]). Specifically, Special Term found that the plaintiffs had failed to allege facts sufficient to indicate the extent of limitation of a body organ, member, function or system attributable to their injuries, and thus granted U.S. Furniture's cross motion for summary judgment dismissing the complaint as against it. We agree, and, accordingly, affirm Special Term's order insofar as appealed from.

In support of its cross motion for summary judgment, U.S. Furniture submitted the affirmation of its counsel, the pleadings, the plaintiffs' verified bill of particulars and three medical reports which referred only to the condition of the plaintiff Carlos Dance. In their verified bill of particulars, the plaintiffs alleged the following injuries:

"CARLOS DANCE

- laceration, left eye
- traumatic ecchymosis left upper and lower lid
- cerebral concussion
- scolistic deformity of thoracic spine
- cervical sprain
- lumbosacral sprain * * *

"DIVA DANCE

- laceration of the right knee
- degenerative changes of the medical joint
- compartment of the right knee * * *

"LOURDES PADRON

- laceration of the scalp requiring sutures
- cerebral concussion
- cervical sprain
- lumbosacral sprain".

The medical reports submitted with respect to Carlos Dance consisted of (1) an electroencephalograph report which indicated no abnormalities, (2) a diagnostic report, dated nearly a year after the accident, indicating Carlos Dance's condition as a "[n]odule of scalp, facial contusions and bruises, laceration of legs, cerebral concussion and dorsal sprain", and (3) a second diagnostic report, dated nearly 14 months after the accident, stating that Carlos Dance suffered from a "cerebral concussion".

In opposition to the cross motion, the plaintiffs submitted an affirmation of their attorney, who alleged that each of the plaintiffs "continues to suffer permanent residual injuries" as a result of the accident. They also submitted an affidavit of

their treating physician who asserted that each of the plaintiffs had "sustained permanent consequential and significant limitation".

The question of whether the plaintiffs have made a prima facie showing of a serious injury should be decided by the court in the first instance as a matter of law *(see, Licari v Elliott,* 57 NY2d 230, 237; *see also, Nolan v Werner Ford,* 100 AD2d 579, *affd* 64 NY2d 681 *for reasons stated in mem at App Div).* The plaintiffs have failed to meet their burden of making a prima facie showing of a serious injury. Their opposing papers reveal that the categories of serious injury under which they seek to recover are the "permanent consequential limitation of use of a body organ or member" or the "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). The record is devoid of medical proof that the individual plaintiffs suffered any limitation in the performance of their customary daily activities as a result of the injuries sustained. The conclusory allegations that the plaintiffs' injuries are permanent are insufficient to make out a prima facie claim of serious injury *(see, Licari v Elliott, supra,* at p 236; *De Filippo v White,* 101 AD2d 801).

Similarly unavailing is the plaintiffs' additional contention that the submission of a medical affidavit is necessary in order to prevail on a summary judgment motion claiming a failure to establish a serious injury. In support of their argument, the plaintiffs rely on a line of cases decided by the Appellate Division, Third Department, in which motions for summary judgment were denied for the respective defendants' failure to submit a medical affidavit demonstrating the lack of a serious injury *(see, Proper v Saunders,* 102 AD2d 907; *Savage v Delacruz,* 100 AD2d 707; *La Frenire v Capital Dist. Transp. Auth.,* 96 AD2d 664). This court has declined to follow this line of cases *(see, Popp v Kremer,* 124 AD2d 720 [decided herewith]; *see also, Doyle v Erie County Water Auth.,* 113 AD2d 1016, 1017; *Scollo v Martin,* 112 AD2d 762). Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.