■ THOMAS POPP, Respondent, v KATHLEEN KREMER, Appellant.

In support of her motion for summary judgment, the defendant submitted, *inter alia,* the plaintiff's hospital record and physician's report, as well as his bill of particulars and portions of his examination before trial. The medical evidence indicated that the plaintiff suffered a "possible cerebral concussion" and a "cervical sprain". After a two-day hospital stay, the plaintiff was discharged with a direction for office follow-up and normal activities. A follow-up medical report by the plaintiff's physician indicated that the plaintiff's prognosis was good and that he might experience "mild neck pain on and off for approximately 3-4 months". The plaintiff's examination before trial indicated that he returned to work approximately five weeks after the accident and thereafter played a full season of recreational league softball and returned to play in a bowling league. Moreover, he subsequently engaged in deck hockey, exercise classes and Nautilus training. In response to the defendant's motion for summary judgment, the plaintiff offered only his counsel's affirmation, his physician's follow-up report, and his own affidavit claiming pain in his neck, headaches and blurred vision, a limited ability to drive "due to neck pain and limitation of movement", and a bill from a chiropractor.

The defendant's motion should have been granted. Insurance Law § 5102 (d) defines serious injury, in relevant part, as: "permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment." The medical reports submitted by the plaintiff clearly demonstrated that the plaintiff did not suffer either permanent loss, permanent consequential limitation or a significant limitation of a body organ, member, function, or system *(see, Caiazzo v Crespi,* 124 AD2d 623). By his own admission, the plaintiff was not disabled for a period of 90 days. The plaintiff's affidavit of subjective pain was insufficient to raise a triable issue *(see, Zoldas v Louise Cab Corp.,* 108 AD2d 378; *Dwyer v Tracey,* 105 AD2d 476; *De Filippo v White,* 101 AD2d 801). We decline to follow the Third Department rule in *La Frenire v Capital Dist. Transp. Auth.* (96 AD2d 664), which would require a

defendant to submit a physician's *affidavit* in order to prevail on a summary judgment motion in a case such as this, where the lack of merit to the plaintiff's serious injury claim is patent *(see, D'Iorio v Brancoccio,* 115 AD2d 634; *De Filippo v White, supra; Mulhauser v Wood,* 107 AD2d 1019; *see also,* CPLR 4518; Richardson, Evidence § 251 [Prince 10th ed]). Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.