■ ELAYNE KAYE, Appellant, v ROBERT KAYE, Respondent. —In a matrimonial action, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated January 21, 1986, which granted the defendant husband's motion for a protective order quashing a subpoena duces tecum and a notice to take a deposition of a nonparty witness.

Ordered that the order is affirmed, with costs.

We cannot say that the court abused its discretion in granting the motion (see, CPLR 3101 [a] [4]; 3103; *Brady v Ottaway Newspapers*, 63 NY2d 1031). We note that the plaintiff has already been afforded extensive discovery pursuant to this court's prior directive (see, *Kaye v Kaye*, 102 AD2d 682). Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.

■ CARY KLAPPER, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated October 1, 1985, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

It is well settled that the question of whether the plaintiff has established a prima facie case of "serious injury" rests with the court in the first instance (see, *Licari v Elliott*, 57 NY2d 230; *Hezekiah v Williams*, 81 AD2d 261). We find that the conclusory allegations set forth in the affidavit of the plaintiff's physician are, without more, insufficient as a matter of law to establish "serious injury" and the defendant, therefore, is entitled to summary judgment dismissing the complaint (see, *Popp v Kremer*, 124 AD2d 720; *Padron v Hood*, 124 AD2d 718; *Lopez v Senatore*, 65 NY2d 1017). Thompson, J. P., Niehoff, Weinstein, Kunzeman and Spatt, JJ., concur.