■ JUDY L. SONGER et al., Appellants, v HENRY W. MUTHIG, INC., et al., Respondents.—In an action, *inter alia,* to recover damages for personal injuries sustained as a result of a motor vehicle accident, the plaintiffs appeal from an order of the Supreme Court, Orange County (Ritter, J.), dated March 21, 1986, which granted the defendants' motion for summary judgment dismissing the complaint upon a finding that the injured plaintiff had not sustained a "serious injury" within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

It is incumbent upon the courts to decide in the first instance whether a plaintiff has established a prima facie case of serious injury within the meaning of Insurance Law § 5102 (d) *(see, Licari v Elliot,* 57 NY2d 230, 237). In the instant case, the record reveals that the injured plaintiff made a prompt return to full-time employment and that she is not limited from any activity. Significantly, a doctor who treated the injured plaintiff shortly after the accident and prescribed a program of physical therapy for her indicated that her injury would not result in significant disfigurement or permanent disability. Under the circumstances, the plaintiffs have failed to establish that the subject injuries met any of the threshold requirements for serious injury within the meaning of the statute *(see, Palmeri v Newson,* 118 AD2d 633; *D'Iorio v Brancoccio,* 115 AD2d 634; *De Filippo v White,* 101 AD2d 801). The submission of a medical affidavit is not a sine qua non to prevailing on a summary judgment motion predicated upon a failure to establish a serious injury *(Ingles v Yurchak,* 125 AD2d 452; *Padron v Hood,* 124 AD2d 718; *Popp v Kremer,* 124 AD2d 720). Accordingly, the order appealed from should be affirmed. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.