■ EDWARD H. PALMER, Respondent, v GLADYS M. AMAKER, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Harwood, J.), dated December 29, 1986, which denied her motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was standing in the street on May 2, 1983, when he was struck by an automobile being operated by the defendant. He was taken to the Nassau Hospital emergency room where X rays were taken, and he was treated for contusions and abrasions before being released. The X rays failed to reveal any fractures or abnormalities. A few days after the accident he visited his doctor complaining of pain and the doctor noted that the plaintiff showed a "mild limitation of motion of the neck on turning" and "[t]rauma to [the] right knee". An orthopedist also examined the plaintiff and found a contusion to the left knee. By May 18, 1983, the plaintiff's physician indicated that the plaintiff had no complaints of pain. The defendant's medical expert examined the plaintiff six months later and found that the plaintiff had sustained lumbar and cervical sprains as well as a knee sprain and a mild limitation of motion of the thoraco-lumbrosacral spine. Between August and December 1984 the plaintiff was treated by a chiropractor for traumatic myofacial pain and low back pain. The plaintiff returned to work almost immediately after the accident although he claims to have been restricted to light duty on an intermittent basis.

Initially, we do not agree with the defendant's contention that since the physicians' reports attached to the plaintiff's papers were not in the form of sworn testimony they were

insufficient as a matter of law to oppose the defendant's motion for summary judgment on the no-fault issue of "serious injury". While certain decisions in the other judicial departments have held physicians' reports to be insufficient (see, e.g., *Callas v Malone,* 135 AD2d 1016 [3d Dept 1987]; *Zoldas v Louise Cab Corp.,* 108 AD2d 378 [1st Dept 1985]; *Ferguson v Temmons,* 79 AD2d 1090 [4th Dept 1981]), we decline to follow those decisions since this court has already indicated that "[t]he submission of a medical affidavit is not a sine qua non to [the defendant's] prevailing on a summary judgment motion predicated upon a failure to establish a serious injury" (*Songer v Muthig,* 131 AD2d 657; see also, *Padron v Hood,* 124 AD2d 718; *Popp v Kremer,* 124 AD2d 720). Thus, if summary judgment can be granted a defendant on the basis of mere physicians' reports, it seems only fair and equitable to allow a plaintiff to utilize such reports in opposing a summary judgment motion.

However, even when all the physicians' reports are considered in this case, they are of little solace to this plaintiff. Since it is for the court to determine in the first instance whether a prima facie showing of "serious injury" has been made out (*Licari v Elliott,* 57 NY2d 230), summary judgment should be granted where, as in this case, the plaintiff has failed to meet his burden (*De Filippo v White,* 101 AD2d 801). "[A] minor, mild or slight limitation of use should be classified as insignificant within the meaning of the statute" (*Licari v Elliott, supra,* at 236). An allegation of occasional pain does not constitute a " 'significant limitation' " within the meaning of the statute (*Scheer v Koubek,* 70 NY2d 678, 679, quoting from Insurance Law § 5102 [d]). Further, there is no medical evidence that the plaintiff's injuries are permanent. Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.