■ LEATHA Y. COVINGTON, Respondent-Appellant, v EDWARD CINNIRELLA et al., Appellants-Respondents.—In an action to recover damages for personal injuries, the defendants appeal from stated portions of an order of the Supreme Court, Nassau County (Brucia, J.), entered October 7, 1987, which, *inter alia*, denied their application for summary judgment and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied her motion for summary judgment.

Ordered that the order is modified, by deleting the provision thereof which denied the defendants' application for summary judgment and substituting therefor a provision granting that application, and thereupon dismissing the complaint; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants.

On May 30, 1986, at approximately 5:30 P.M., after the plaintiff's vehicle had come to a stop in or just past the intersection of Jericho Turnpike and Emory Road in Nassau County, there was contact between the rear of the plaintiff's vehicle and the front of the defendants' vehicle.

On appeal, the defendants contend that the plaintiff failed to present proof in her papers, in admissible form, which, if adduced at trial would establish a prima facie case of "serious injury" pursuant to Insurance Law § 5102 (d).

We agree.

It is incumbent upon the court to decide in the first instance whether a plaintiff has made out a prima facie case of serious injury sufficient to satisfy the statutory standards *(Licari v Elliott,* 57 NY2d 230; *Songer v Henry W. Muthig, Inc.,* 131 AD2d 657). In the instant case the plaintiff has submitted an

affidavit in which no complaints of current pain and/or limitation of movement are alleged; in his medical affidavit, the plaintiff's physician expressly bases his opinion on an examination of his records, without indicating that he has recently examined the plaintiff, that he is aware of her current condition, that he has treated her in any fashion, or that he has measured any limitation of motion of any part of her body. The electrodiagnostic studies appended to the doctor's affidavit are undated, and all but one are normal. Moreover, the medical report of October 20, 1986 is nearly two years old, and it supplies neither measurements of limitations of motion nor any proposed or undertaken course of treatment. Since no description of her present physical condition, limitation of movement or course of treatment is contained in either affidavit, the plaintiff has failed to raise any triable issues of fact as to her claimed permanent consequential limitation of a use of a body organ or member or significant limitation of use of a body function or system *(Perez v Einhorn,* 123 AD2d 752; *Garcon v Girard,* 115 AD2d 636). In addition, the plaintiff has submitted no evidence to support her allegation that her injuries prevented her from performing "substantially all" of the material acts constituting her customary daily activities during at least 90 out of the first 180 days following the accident *(Licari v Elliott, supra,* at 236; *Zoldas v Louise Cab Corp.,* 108 AD2d 378). And "[t]he submission of a medical affidavit is not a sine qua non to prevailing on a summary judgment motion predicated upon a failure to establish a serious injury" *(Songer v Henry W. Muthig, Inc., supra)* where, as here, "the lack of merit to the plaintiff's serious injury claim is patent" from the medical evidence submitted by the plaintiff herself *(Popp v Kremer,* 124 AD2d 720, 722; *Padron v Hood,* 124 AD2d 718).

Although the defendants did not make a formal motion for summary judgment, their affirmation in opposition requested such affirmative relief, and the plaintiff's motion for summary judgment included a demand to strike the affirmative defense that the plaintiff did not suffer a serious injury.

In review of our determination that the defendants be granted summary judgment dismissing the complaint, we need not address the other issues presented. Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.