■ CHRISTINE CIACCIO, an Infant, by Her Parent, MARY CIACCIO, et al., Respondents, v J & R HOME IMPROVEMENTS et al., Appellants, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendants J & R Home Improvements and David Isbister appeal from an order of the Supreme Court, Nassau County (Yachnin, J.), dated November 13, 1987, which denied their motion for summary judgment dismissing the complaint as against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed as against the appellants.

The appellants contend that the plaintiffs failed, as a matter of law, to prove that the infant plaintiff suffered a "serious injury" within the meaning of Insurance Law § 5102 (d). We agree.

It is for the court to determine in the first instance whether a prima facie showing of "serious injury" has been made out *(see, Licari v Elliott,* 57 NY2d 230; *Palmer v Amaker,* 141 AD2d 622). In the instant case we find that the plaintiffs have failed to meet that burden *(see, De Filippo v White,* 101 AD2d 801).

While the plaintiffs may have established that the infant plaintiff initially suffered some limitation in the movement of her neck or back from the accident, they failed to prove that that restriction constituted a significant limitation of use of a body organ or member *(see,* Insurance Law § 5102 [d]; *Licari v Elliott, supra,* at 239; *Grotzer v Levy,* 133 AD2d 67; *Hezekiah v Williams,* 81 AD2d 261). Moreover, the plaintiffs' expert stated

that the infant plaintiff's range of motion was "greatly improved" just two weeks after the accident and that she had an "excellent range of motion" approximately four months thereafter *(see, Thrall v City of Syracuse,* 60 NY2d 950).

We also find that the plaintiffs failed to prove that the injury prevented the infant plaintiff from "performing substantially all of the material acts which constitute [her] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury" (Insurance Law § 5102 [d]; *see, Licari v Elliott, supra; De Filippo v White, supra).* Although the record indicates that the infant plaintiff did not attend high school classes during June 1985 and that she quit a part-time job after the accident, there is no indication in the record that she was prevented from performing her customary and daily activities during the months of July and August and it is undisputed that she returned to school as scheduled in September. We therefore conclude that the plaintiff failed to meet the burden of establishing this category of serious injury as well *(see, De Filippo v White, supra).* Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.