■ BARBARA PARTLOW et al., Respondents, v JAMES J. MEE-HAN et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (McCarthy, J.), entered February 1, 1988, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Initially, we note that the Supreme Court erroneously denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Barbara Partlow did not sustain a serious injury as defined in Insurance Law § 5102 (d), in reliance upon a line of decisions of the Appellate Division, Third Department, which would require the defendants to submit a physician's affidavit in order to prevail on the motion *(see, e.g., La Frenire v Capital Dist. Transp. Auth.,* 96 AD2d 664). We have expressly declined to follow this rule in cases such as the one at bar *(see, Wright v Melendez,* 140 AD2d 337; *Popp v Kremer,* 124 AD2d 720).

Turning to the merits, we find that the plaintiff Barbara Partlow has failed to submit prima facie medical evidence of "serious injury" within the meaning of Insurance Law § 5102 (d). The injured plaintiff attempts to satisfy the "serious injury" requirement for maintaining this action by demonstrating that she has suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). However, while such a "significant limitation" need not be permanent in order to constitute a "serious injury", the Court of Appeals has cautioned that "a minor, mild or slight limitation of use should be classified as insignificant within the

meaning of the statute" *(Licari v Elliott,* 57 NY2d 230, 236). In our view, any assessment of the "significance" of a bodily limitation necessarily requires consideration not only of the extent or degree of the limitation, but of its duration as well. Although Insurance Law § 5102 (d) does not expressly set forth any temporal requirement for a "significant limitation", there can be no doubt that if a bodily limitation is substantial in degree yet only fleeting in duration, it should not qualify as a "serious injury" under the statute *(see generally, Thrall v City of Syracuse,* 60 NY2d 950, *revg* 96 AD2d 715 [medical evidence that injured party had full range of motion in Apr. 1979 refutes claim that injury sustained in Jan. 1979 significantly limited the use of his arm and shoulders]; *Ciaccio v J & R Home Improvements,* 149 AD2d 558 [evidence that injured party's range of motion had greatly improved two weeks after the accident and was excellent four months thereafter negates claim of significant limitation]).

In the case before us, the injured plaintiff has submitted a hospital emergency room report based on an examination she underwent on the date of the accident. This report lists the diagnosis of her condition as "cervical and lower back strain". Additionally, she has submitted a report prepared by her chiropractor, who also examined her on the date of the accident. This report indicates that as of that date, the injured plaintiff was suffering a decreased cervical rotation of 15 degrees on her right side and 20 degrees on her left side, with an "impairment of at least seven percent in the upper extremity". The chiropractor further opined that the "[p]rognosis is poor with definite residuals". The injured plaintiff returned to work approximately one month after the date of the accident.

While the chiropractor's findings suggest that the injured plaintiff suffered a bodily limitation, the record is devoid of medical evidence indicating that her decreased cervical rotation and upper extremity impairment persisted for any appreciable length of time following the accident. Indeed, an examination report prepared by the defendants' expert some 22 months after the accident stated that the injured plaintiff had recovered and that there were no "objective findings to indicate any residual disability as a consequence of the accident". Moreover, while she may have continued to see her treating chiropractor, she submitted no reports from him regarding her condition subsequent to the date of the accident. The only remaining medical evidence submitted by the injured plaintiff is a report setting forth the results of a thermogram which was performed on the injured plaintiff some 15 months after

the accident. This document notes "decreased heat emission" in certain areas of her body, a well as "possible C6 C7 nerve damage" and "L5 S1 lumbar radiculophathy". However, the thermogram report makes absolutely no reference to any bodily limitation on the part of the injured plaintiff, nor has the injured plaintiff supplied an expert medical interpretation and evaluation of the thermogram report. Absent such interpretive evidence, the import of the thermogram results is not discernible; hence, the report does not demonstrate that the bodily limitation experienced by the injured plaintiff lasted for any appreciable period of time beyond the date of the accident.

In failing to come forward with any medical evidence indicating the duration of her bodily limitation in this case, the injured plaintiff has not established a prima facie case that she suffered more than "a minor, mild or slight limitation of use" *(Licari v Elliott,* 57 NY2d 230, 236, *supra; see, Bader v Santana,* 106 AD2d 858; *see also, Leschen v Kollarits,* 144 AD2d 122). Accordingly, a trial on the issue of whether she sustained a "serious injury" is unnecessary, and the defendants are entitled to judgment as a matter of law. Thompson, J. P., Sullivan and Harwood, JJ., concur.

Rubin, J., dissents and votes to affirm the order appealed from with the following memorandum in which Brown, J., concurs. Summary judgment is an appropriate vehicle for determining whether a plaintiff can establish, prima facie, a serious injury within the meaning of Insurance Law § 5102 (d) *(see, Wright v Melendez,* 140 AD2d 337). Relying on the rule of the Appellate Division, Third Department, which would require the defendants to submit a physician's affidavit in order to prevail on a motion for summary judgment *(see, Proper v Saunders,* 102 AD2d 907; *Savage v Delacruz,* 100 AD2d 707; *La Frenire v Capital Dist. Transp. Auth.,* 96 AD2d 664), the Supreme Court denied the defendants' motion on the ground, *inter alia,* of insufficiency of the moving papers. Although we have declined to follow the rule of the Appellate Division, Third Department, where the plaintiff's serious injury claim is patently without merit *(Wright v Melendez,* 140 AD2d 337, *supra; Padron v Hood,* 124 AD2d 718, 720; *Popp v Kremer,* 124 AD2d 720, 721), here, the injured plaintiff's medical records suffice to demonstrate a meritorious claim *(cf., Palmer v Amaker,* 141 AD2d 622).

Insurance Law § 5102 (d) defines a "serious injury" as including a "significant limitation of use of a body function or system", which does not require a finding that the limitation

is permanent *(see, e.g., Lopez v Senatore,* 65 NY2d 1017). The injured plaintiff's hospital emergency room record diagnosed her medical condition as cervical and lower back strain. The report of the injured plaintiff's treating chiropractor also found that her cervical spine had suffered an "acute sprain strain mechanism with definite neurological deficit". The report further indicated that on the date of the accident, the right cervical rotation was diminished 15 degrees and the left cervical rotation was diminished 20 degrees. A definite disability and impairment of at least 7% in the upper extremity was also noted. The prognosis of her condition was listed as "poor with definite residuals". The results of a thermogram performed about 15 months after the accident corroborated the chiropractor's finding of soft tissue injury and nerve damage. The chiropractor prescribed a course of treatment which included spinal manipulations three times a week for the first month and, thereafter, once a week. According to the plaintiff, she was unable to return to work until over a month after the accident and received her last treatment about 22 months after the accident. Whether such objectively measured limitations are significant is an issue of fact sufficient to defeat the defendants' motion for summary judgment *(see, e.g., Lopez v Senatore,* 65 NY2d 1017, *supra; Swenning v Wankel,* 140 AD2d 428; *cf., Gootz v Kelly,* 140 AD2d 874; *Green v Wright,* 126 AD2d 514).