■ DEAN V. PHILPOTTS et al., Respondents, v JOHN C. PETROVIC, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated February 8, 1989, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

A review of the record demonstrates that the plaintiffs have failed to establish a prima facie case that they sustained "serious injury" within the meaning of Insurance Law § 5102 (d). The medical report submitted by the parties and the EBT testimony of both plaintiffs detailing their prompt recovery demonstrate that any physical limitations suffered by them were merely mild or slight in nature (see, Thrall v City of Syracuse, 60 NY2d 950, revg 96 AD2d 715; Licari v Elliott, 57 NY2d 230; Ciaccio v J & R Home Improvements, 149 AD2d 558). While an affidavit of the plaintiffs' former treating physician attempted to characterize their injuries as serious, the affidavit was prepared more than 2½ years after he last saw the plaintiffs and did not indicate that the opinion expressed therein was based upon any recent medical examination of them (see, Covington v Cinnirella, 146 AD2d 565). Moreover, neither that affidavit nor the medical reports previously prepared by the physician demonstrated that the purported limitations suffered by the plaintiffs were objectively measured or quantified (see, Covington v Cinnirella, supra).

Finally, the plaintiffs' continuing subjective complaints of occasional pain cannot suffice to establish "serious injury" under the statute (see, Scheer v Koubek, 70 NY2d 678; Palmer v Amaker, 141 AD2d 622; Gootz v Kelly, 140 AD2d 874). Accordingly, the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint. Kunzeman, J. P., Kooper, Sullivan and Harwood, JJ., concur.