■ SAMUEL R. SERIO et al., Respondents, v DIANE A. RADIN et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated May 4, 1989, as denied their motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The instant action was commenced by the plaintiffs to recover damages for personal injuries resulting from an incident which occurred on August 23, 1982. The plaintiff Samuel Serio was injured on that date when the car he was driving was hit in the rear by a car driven by the defendant Diane A. Radin.

The medical reports and affidavit submitted by Serio's treating physician indicate that he suffered cervical and lumbosacral sprains without neurological complications. Under these circumstances, Serio failed to meet his burden of demonstrating that he suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *Licari v Elliott,* 57 NY2d 230; *De Filippo v White,* 101 AD2d 801; *see also, Palmer v Amaker,* 141 AD2d 622). The plaintiffs' attempt to come within another portion of the statutory definition of "serious injury" (Insurance Law § 5102 [d]), i.e., by contending that the nonpermanent injury or impairment prevented Serio " 'from performing substantially all of the material acts which constitute [his] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment' " *(Licari v Elliott, supra,* at 236; *see, De Filippo v White, supra,* at 803; *Palmer v Amaker, supra,* at 622), is similarly without merit. Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.