ANTHONY PAGANO et al., Respondents, v PATRICIA KINGSBURY et al., Defendants and Third-Party Plaintiffs-Appellants. ARNOLD MIGLIACCIO & SON, Third-Party Defendant-Respondent.

Second Department, September 14, 1992

## APPEARANCES OF COUNSEL

*Pizzitola & Inzerillo,* Smithtown *(Gary A. Pagliarello* of counsel), for defendants and third-party plaintiffs-appellants.

*Peter J. Eliseo,* Garden City, for respondents.

## OPINION OF THE COURT

MANGANO, P. J.

On this appeal, we are called on to determine the exact nature of proof required to be submitted in support of, and in opposition to, a motion for summary judgment which seeks to establish, prima facie, a plaintiff's failure to sustain a "serious injury" within the meaning of Insurance Law § 5102 (d).

I

The plaintiff Anthony Pagano was injured on December 17, 1985, when the car he was driving collided with a car owned by the defendant Phillip Kingsbury, and driven by the defendant Patricia Kingsbury.

Following the accident, Anthony Pagano was taken by ambulance to Nassau County Medical Center and seen in the emergency room where X rays were taken and medication dispensed. He was released from the hospital the same day.

The plaintiffs commenced the instant action to recover damages for the injuries sustained. After joinder of issue, the defendants moved for summary judgment on the ground that Anthony Pagano's injuries and subjective complaints of pain did not meet the definition of "serious injury" under Insurance Law § 5102 (d), as a matter of law. In support of their motion for summary judgment, the defendants submitted, *inter alia,* (1) an unsworn report of the defendants' examining physician, Dr. Frank M. Hudak, (2) an unsworn report of the plaintiff Anthony Pagano's treating chiropractor, Dr. Thomas Tumbarello, and (3) an unsworn report of a physician, Dr. Frank J. Amico, who examined the plaintiff Anthony Pagano at the request of the plaintiffs' attorney.

In opposition, the plaintiffs submitted, *inter alia,* (1) an unsworn report of a treating orthopedic surgeon, Dr. Martin A. Lehman, and (2) an affidavit of another physician Dr. Donald I. Goldman, who examined the plaintiff Anthony Pagano at the request of the plaintiffs' attorney.

In denying the defendants' motion for summary judgment, the Supreme Court made no distinction between unsworn physicians' reports and physicians' affidavits or affirmations, but merely stated: "The conflicting findings of the above-mentioned doctors are alone sufficient to create a triable issue of

medical fact as to whether plaintiff has sustained a serious physical injury".

## II

It is well settled that evidence submitted in support of a motion for summary judgment must be in admissible form *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067; *Zuckerman v City of New York,* 49 NY2d 557, 563). In addition, "if the opponent is to succeed in defeating a summary judgment motion he [or she], too, must make [a] showing by producing evidentiary proof in admissible form", unless he or she demonstrates an "acceptable excuse for [the] failure to meet the strict requirement of tender in admissible form" *(Zuckerman v City of New York, supra,* at 562).

Thus, when a defendant moves for summary judgment dismissing the complaint based on the plaintiff's failure to establish "serious injury" and relies solely on findings of the defendant's own medical witnesses, those findings must be in admissible form, i.e., affidavits or affirmations, and not unsworn reports, in order to make a "prima facie showing of entitlement to judgment as a matter of law" *(Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853).

Similarly, a plaintiff's opposition, to the extent that it relies solely on the findings of the plaintiff's own medical witnesses, must be in the form of affidavits or affirmations, unless an acceptable excuse for failure to comply with this requirement is furnished.

Illustrative of this principle is the recent decision of the Court of Appeals in *Grasso v Angerami* (79 NY2d 813, 814). In that case, the defendant moved for summary judgment, arguing that the plaintiff had not sustained a "serious injury" as defined by Insurance Law § 5102 (d). In opposition to the sworn opinion of the defendant's medical expert, the plaintiff submitted an unsworn letter report from his doctor. The Court of Appeals granted the defendant's motion for summary judgment, holding that the plaintiff's proof, i.e., the unsworn report of his doctor, was in "inadmissible form" *(Grasso v Angerami, supra,* at 814). To the extent that any prior decisions of this Court hold, or indicate, to the contrary *(see, e.g., Palmer v Amaker,* 141 AD2d 622), they are not to be followed.

However, there are prior decisions of this Court which appear to hold to the contrary but are distinguishable and

continue to retain their vitality *(see, e.g., Padron v Hood,* 124 AD2d 718; *Popp v Kremer,* 124 AD2d 720; *Ingles v Yurchak,* 125 AD2d 452; *Songer v Henry W. Muthig, Inc.,* 131 AD2d 657). A close scrutiny of these cases indicates that the defendants therein, in support of their motions for summary judgment, submitted unsworn reports of the plaintiffs' physicians which demonstrated that the plaintiffs had not suffered a "serious injury". Clearly, consideration of a plaintiff's unsworn medical report submitted in support of a defendant's motion for summary judgment, based on the plaintiff's failure to establish "serious injury", fosters the expeditious disposition of these cases, and is perfectly harmonious with the principle that the "serious injury" threshold "is a threshold imposed solely on plaintiff (see, Licari v. Elliot, 57 NY 2d 230)" *(Miller v Metropolitan Suburban Bus Auth.,* NYLJ, Sept. 11, 1990, at 26, col 6, at 27, col 1 [Sup Ct, Nassau County, Brucia, J.]).

### III

Applying these principles to the case at bar, it is clear that the unsworn report of Dr. Hudak, the defendants' examining physician, may not be considered in support of the defendants' motion. However, the unsworn reports of the plaintiffs' medical witnesses, Drs. Amico and Tumbarello, which were annexed to the defendants' moving papers, did demonstrate, prima facie, that the plaintiff Anthony Pagano had not suffered a "serious injury", i.e., either permanent loss, permanent consequential limitation, or a significant limitation, of a body organ, member, function, or system *(see, Caiazzo v Crespi,* 124 AD2d 623). In opposition to the defendants' motion for summary judgment, the plaintiffs submitted an affidavit, i.e., evidence in admissible form, from Dr. Goldman, Anthony Pagano's examining physician, which stated that, based on examination findings and Anthony Pagano's consistent symptomology, he sustained a permanent, partial disability as a result of the motor vehicle accident. Under these circumstances, the plaintiffs' medical evidence was sufficient to raise a triable issue of fact.

Accordingly, the order appealed from is affirmed.

SULLIVAN, HARWOOD and O'BRIEN, JJ., concur.

Ordered that the order is affirmed, with costs.