■ JOHN MICHAELIDES, Appellant, v GERARD M. MARTONE et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brucia, J.), dated June 1, 1990, which granted the branch of the defendants' motion which was to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The defendants moved to dismiss the complaint for failure to state a cause of action, or for summary judgment. In support of their motion the defendants submitted, *inter alia,* the unsworn medical report of their examining physician. In opposition, the plaintiff offered, *inter alia,* his own affidavit as well as the affidavit of his treating orthopedist.

Initially, we note that although the complaint was dismissed for failure to state a cause of action, since the defendants alternatively moved for summary judgment relief, it is, as stated in the Supreme Court, "appropriate to consider whether the plaintiff has a cause of action rather than whether he has stated one" *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633; *see also, Zack Metal Co. v International Nav. Corp.,* 67 NY2d 892).

With regard to the plaintiff's allegation of "serious injury", the only proof thereof which was submitted in admissible form was the affidavit of the plaintiff's own doctor *(see, Grasso v Angerami,* 79 NY2d 813; *see also, Zuckerman v City of New York,* 49 NY2d 557). However, this affidavit is conclusory in nature and does not state that the plaintiff suffers from any limitation of movement, and is thus insufficient to sustain a finding of serious injury *(see, De Filippo v White,* 101 AD2d 801; *Padron v Hood,* 124 AD2d 718; *Covington v Cinnirella,* 146 AD2d 565).

Therefore, although the defendants did not submit medical proof in admissible form, the complaint was properly dismissed since " 'the lack of merit to plaintiff's serious injury claim is patent' from the medical evidence submitted by

plaintiff [himself]" *(Covington v Cinnirella,* 146 AD2d 565, 566, *supra,* quoting *Popp v Kremer,* 124 AD2d 720, 722; *see also, Pagano v Kingsbury,* 182 AD2d 268; *Padron v Hood,* 124 AD2d 718, *supra).*

We have considered the plaintiff's remaining contentions and find them to be without merit. Mangano, P. J., Harwood, Miller and Santucci, JJ., concur.