■ CHRISTINA SAMILENKO, Respondent, v EDWIN R. SOSA-DONIS et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated February 20, 1990, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The defendants moved for summary judgment, contending that the plaintiff Christina Samilenko did not sustain a "serious injury" within the purview of Insurance Law § 5102. In support of their motion, the defendants relied on an unsworn report prepared by their examining physician, which basically stated that the plaintiff has fully recovered from any injuries she sustained in the accident. Where, as here, the movant for summary judgment relies solely on the findings of its own medical witness, those findings must be in admissible form (see, Pagano v Kingsbury, 182 AD2d 268). Since the defendants' medical witness's report was an unsworn document, the papers submitted in support of the motion were insufficient to

warrant the court, as a matter of law, in directing judgment in favor of the defendants. In any event, the plaintiff carried her burden of establishing a prima facie case of "serious injury" pursuant to Insurance Law § 5102 (d). The plaintiff submitted her own affidavit in which she complained of persistent pain and a continued weakness in her right arm and hand. Additionally, her treating physician submitted an affidavit in which he stated, *inter alia,* that as a result of the accident, the plaintiff "is currently restrained by with *[sic]* significant and permanent functional residual disabilities and limitations". Accordingly, the plaintiff's medical evidence was sufficient to raise a triable issue of fact. Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.