[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Defendant in the instant case has moved for Summary Judgment. This action involves an underinsured motorist claim, arising from an automobile accident which occurred in New York State.
The parties have stipulated that New York law governs this case, as the Plaintiff was injured in New York due to tortious conduct which occurred in New York. Williams v. State Farm MutualAutomobile Insurance Co., 229 Conn. 359, 372, 641 A.2d 783, 789
CT Page 1258 (1994). "Under New York no-fault insurance law, an injured party is not entitled to bring an action in negligence except in the case of "serious injury", or "basic economic loss" in excess of $50,000.00." Williams, 229 Conn. at 359.
The Plaintiff contends that he has suffered "serious injury" as required under New York no-fault insurance law. The Defendant argues that the Plaintiff's injuries do not meet the definition of "serious injury" set forth by the New York courts.
Under New York law, ". . . it is for the court to determine in the first instance whether a prima facie showing of "serious injury" has been made out . . ." Palmer v. Amaker, 529 N.Y.S.2d 536,537 (A.D. 2 Dept. 1988), citing Licari v. Elliott,455 N.Y.S.2d 570 (Ct.App. 1982). The New York courts determine whether the plaintiff has suffered "serious injury" as defined by Insurance Law § 5102(d). See e.g. Popp v. Kremer, 508 N.Y.S.2d 470, 471 (1986), Caiazzo v. Crespi, 507 N.Y.S.2d 884 (1986), citing McKinney's Insurance Law § 5102(d).
 Insurance Law § 5102(d) defines serious injury, in relevant part, as: permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.
Popp, 508 N.Y.S.2d at 471, Quoting McKinney's Insurance Law § 5102(d).
In the instant case, the Plaintiff's medical expenses total $3,076.37. Plaintiff's list of Medical Specials. In addition, the Plaintiff estimates that he has suffered approximately $16,000.00 in lost wages as a result of the automobile accident. Affidavit of Bruce Tuper, p. 2. Clearly, the Plaintiff's basic economic loss does not exceed $50,000.00.
However, the Plaintiff has suffered "serious injury" within the definition set forth in Insurance Law § 5102(d). According to CT Page 1259 the medical reports submitted by the Defendant in support of its Motion for Summary Judgment, the Plaintiff was out of work for approximately five months following the accident (with the exception of three days during this period when the plaintiff attempted to return to work). Letter of Dr. Hallberg dated June 9, 1993, p. 2. The results of the Plaintiff's MRI of the Lumbosacral Spine indicate bulging of the L5-S1 discs and disc herniation at L5-S1. In addition, both Dr. Hallberg and Dr. Chung, who have examined the Plaintiff, agree that he has suffered a 5% permanent partial disability of function of the lower back from the injury. See Letter of Dr. Hallberg dated June 9, 1993, and Medical Note of Dr. Chung dated April 13, 1993.
Accordingly, the Defendant's Motion for Summary Judgment, dated December 6, 1994, is DENIED.
Potter, Judge