■ ROBERT SCHULTZ et al., Respondents, v KATHLYN VON VOIGHT, Appellant. [628 NYS2d 388] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated August 26, 1993, which denied her motion for summary judgment dismissing the complaint. Justice Miller has been substituted for the late Justice Lawrence *(see,* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff Robert Schultz was in an automobile accident on March 8, 1990. The plaintiffs allege that, as a result of the accident, Mr. Schultz sustained the following injuries: "Herniated disc at C4-C5; traumatic cervical hyperextension, hyperflexion injury with muscle spasm, radiculitis and paresthesia with cephalgia; cutaneous nerve injury; numbness in arms, restriction of motion of cervical and lumbo-sacral spine." The plaintiffs allege that these injuries are permanent in nature and that Mr. Schultz has, therefore, suffered a serious injury within the meaning of Insurance Law § 5102 (d).

The defendant moved for summary judgment dismissing the plaintiffs' complaint on the ground that the plaintiffs had failed to establish that Mr. Schultz had suffered a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court denied the motion. We now reverse.

We find that the evidence submitted by the defendant in support of her motion establishes, prima facie, that Mr. Schultz did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendant relied upon Mr. Schultz's deposition testimony, which reveals that he refused medical treatment following the accident and that he was not absent

from work as a result of his alleged injuries. Complaining of a stiff neck, headaches, and some numbness in one arm, Mr. Schultz visited Dr. Tinari, a chiropractor, approximately one week after the accident. Dr. Tinari gave him rubdowns for his symptoms. Several weeks later, Mr. Schultz visited Dr. Rosen, a neurologist. After several tests, Dr. Rosen told Mr. Schultz that he had a slightly herniated disc. The defendant also relied on an affirmation from Dr. Bloom, who examined Mr. Schultz on May 12, 1992. Based upon his examination, Dr. Bloom concluded that Mr. Schultz "sustained a cervical sprain which had resolved. He also apparently sustained a medical anterbrachial cutaneous nerve injury which has resolved."

We also find that the evidence submitted by the plaintiffs in opposition to the defendant's motion is insufficient to defeat the motion. The plaintiffs' evidence consisted solely of an affidavit from Dr. Tinari, Mr. Schultz's chiropractor. Although Dr. Tinari's prognosis was "chronic and guarded," his opinion was based on his examination of Mr. Schultz more than three years earlier and only 12 days after the accident. Moreover, the affidavit does not indicate that the Mr. Schultz's alleged injuries were permanent. Thus, there is insufficient proof of the duration of Mr. Schultz's alleged injuries (see, Beckett v Conte, 176 AD2d 774; Philpotts v Petrovic, 160 AD2d 856). Rosenblatt, Miller and Krausman, JJ., concur.

Goldstein, J., dissents and votes to affirm in accordance with the following memorandum with which Bracken, J. P., concurs. The present action arises out of an automobile accident that occurred on March 8, 1990. The plaintiff Robert Schultz alleged in his bill of particulars that, as a result of the accident, he suffered, inter alia, a herniated disc at C4-C5, and that his injuries "are believed to be permanent in nature," thereby satisfying the definition of a serious injury found in Insurance Law § 5102 (d).

The defendant moved for summary judgment, alleging that Mr. Schultz had not suffered a serious injury within the meaning of Insurance Law § 5102 (d). The evidence submitted by the defendant in support of her motion included the testimony of Mr. Schultz at an examination before trial in which he stated that, after the accident, he began to experience a stiff neck and numbness in his right arm. Before the accident, Mr. Schultz had sought treatment for "lower backaches," but he had never sought treatment for his upper back or right arm, and he had never sustained any injury to his right arm.

Twelve days after the accident, Mr. Schultz was examined by Dr. Tinari, a chiropractor, who noted in an unsworn report

submitted in support of the defendant's motion for summary judgment that Mr. Schultz's "past medical history is noncontributory. Robert Schultz denies any prior problems or injuries to the neck or back." Dr. Tinari referred Mr. Schultz to Dr. Rosen, a neurologist, who noted in an unsworn report submitted in support of the defendant's motion that, as a result of the accident, Mr. Schultz "suffered mild whiplash injury associated with neck pain and headaches lasting approximately three weeks." Dr. Rosen ordered a magnetic resonance imaging examination (hereinafter MRI) that detected a "small disc herniation, C4-5." After examining the MRI and conducting other tests, Dr. Rosen noted in a report dated September 27, 1990, that, despite the existence of the herniated disc, the other tests failed to detect nerve damage. Dr. Rosen concluded that Mr. Schultz's "symptoms were likely due to cutaneous nerve injury, not detected by cervical MRI, or electromyographic studies."

At the time of his deposition more than two years after the accident, Mr. Schultz continued to experience constant pain in the area of his shoulder blades and partial numbness in his right pinkie.

Based upon the aforementioned unsworn reports and Mr. Schultz's deposition testimony, the defendant's attorney asserted in support of the defendant's motion for summary judgment that "any findings seem to be indicative of an underlying pathological condition not caused by this accident." However, this assertion was mere speculation on the part of the defendant's attorney. Neither, the aforementioned reports nor Mr. Schultz referred to an underlying pathological condition not caused by the accident. To the contrary, Mr. Schultz maintained that he had not sustained a prior injury. Therefore, the defendant failed to demonstrate, prima facie, her entitlement to judgment as a matter of law (see, Rotino v Andry, 187 AD2d 1042; see also, Pagano v Kingsbury, 182 AD2d 268).

The plaintiffs, in opposition to the defendant's motion, submitted an affidavit from Dr. Tinari, who, after conducting a full examination of Mr. Schultz 12 days after the accident, continued to treat Mr. Schultz for another 10 months. Dr. Tinari reiterated that Mr. Schultz's "past medical history is noncontributory." Dr. Tinari noted that he had examined the MRI, which indicated a herniated disc at C4-C5, and that the discs had "become degenerative producing a chronic subluxation syndrome." Dr. Tinari's prognosis was "chronic and guarded," and he opined that Mr. Schultz's "injury will predispose these areas to further problems from aggravation or trauma which might not have otherwise bothered him prior to the accident."

Dr. Tinari's affidavit establishes, prima facie, that Mr. Schultz suffered a serious injury as a result of the automobile accident *(see, Jackson v United Parcel Serv.,* 204 AD2d 605). In *Jackson v United Parcel Serv. (supra),* this Court held that a plaintiff's testimony at an examination before trial that she suffered persistent pain and restriction of movement, together with sworn affidavits that she suffered a herniated disc that was a permanent condition, established, prima facie, a serious injury within the meaning of Insurance Law § 5102 (d). In the cases relied upon by the majority, there was no diagnosis of a specific physical impairment, such as a herniated disc *(see, Beckett v Conte,* 176 AD2d 774 [plaintiff's affidavit merely indicated an 11% impairment of the dorsolumbar spine]; *Philpotts v Petrovic,* 160 AD2d 856 [no evidence that the plaintiffs' purported limitations were objectively measured or quantified]).

Finally, it was only in response to Dr. Tinari's affidavit that the defendant submitted the affidavit of Dr. Bloom in which the doctor concluded that Mr. Schultz had sustained a cervical sprain and nerve injury that had resolved. Moreover, Dr. Bloom did not rely on any data other than his observation of Mr. Schultz to refute the diagnosis of a herniated disc. In any event, questions of credibility should not be resolved on a motion for summary judgment *(see, Ansah v Pollack,* 181 AD2d 537; *Whiteford v Smith,* 168 AD2d 885; *Conde v Eric Serv. Corp.,* 158 AD2d 651; *Francis v Basic Metal,* 144 AD2d 634).