■ MICHELET MALARY, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [648 NYS2d 319] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated June 12, 1995, which granted the separate motions of the defendants New York City Transit Authority and Douglas R. Behr, and the defendants China Farm, Inc., and Soonseng Tan, respectively, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motions are denied, and the complaint is reinstated.

We find that the defendants failed to meet their initial burden of establishing prima facie entitlement to judgment as a matter of law. The unsworn medical reports by the defendants' examining physicians cannot be considered as they were not in admissible form *(see, Pagano v Kingsbury,* 182 AD2d 268). In addition, the evidence adduced at the plaintiff's examination before trial does not, by itself, establish the defendants' prima facie entitlement to judgment. Contrary to the defendants' contentions, the admissible medical evidence submitted by the plaintiff did not patently demonstrate the lack of merit to the plaintiff's serious injury claim *(cf., Grier v Kuhn,* 187 AD2d 559; *Michaelides v Martone,* 186 AD2d 544; *Covington v Cinnirella,* 146 AD2d 565). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.