■ FAN-YING NG et al., Appellants, v OPIALINDA BAEZ et al., Respondents. [648 NYS2d 336] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order and judgment (one paper) of the Supreme Court, Queens County (Lonschein, J.), dated January 11, 1995, which, *inter alia,* granted the motion of the defendants Shang Yao Chi and Eastern Express Shuttles, Inc. for summary judgment dismissing the complaint insofar as it is asserted against them, and (2) an order of the same court, dated April 17, 1995, which granted the motion of the defendant Opialinda Baez for summary judgment dismissing the complaint insofar as it is asserted against her.

Ordered that the order and judgment and the order are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs' notice of appeal incorrectly describes the order and judgment appealed from as being dated November 25, 1994 (i.e., the date of the Supreme Court's Bench decision) rather than January 11, 1995. However, in the exercise of our discretion pursuant to CPLR 5520 (c), we deem it a valid notice of appeal from the order and judgment dated January 11, 1995.

Contrary to the plaintiffs' contention, the evidence considered by the court, including the various medical reports and documents of both sides, constituted admissible and legally sufficient proof upon which to decide the defendants' respective motions for summary judgment (*see generally, Pagano v Kingsbury,* 182 AD2d 268). Moreover, the court correctly determined that the plaintiff Fan-Ying Ng did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see generally, Licari v Elliott,* 57 NY2d 230). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.