■ Mirla DeJesus, Respondent, v Francis Grazadrei, Appellant. [755 NYS2d 302] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered June 24, 2002, which granted the plaintiff's motion for summary judgment on the issue of liability and denied her cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the cross motion is granted, the complaint is dismissed, and the motion is denied as academic.

The defendant established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Duldulao v City of New York,* 284 AD2d 296 [2001]). In opposition to the motion, the plaintiff failed to come forward with medical evidence indicating the duration of her physical limitations. Therefore, she failed to raise a triable issue of fact regarding her allegations of significant and permanent physical limitations (*see Thrall v City of Syracuse,* 60 NY2d 950 [1983]; *McCleary v Hefter,* 194 AD2d 594 [1993]; *Philpotts v Petrovic,* 160 AD2d 856 [1990]; *Partlow v Meehan,* 155 AD2d 647 [1989]; *Ciaccio v J & R Home Improvements,* 149 AD2d 558 [1989]).

Furthermore, the plaintiff failed to demonstrate that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing all of the material acts which constituted her unusual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see Licari v Elliott,* 57 NY2d 230 [1982]).

In light of our determination, the plaintiff's motion for summary judgment has been rendered academic. Altman, J.P., Smith, Luciano, Adams and Cozier, JJ., concur.