■ HERMAN WRIGHT et al., Respondents, v RALPH MELENDEZ, Defendant, and DENZIL GONZALES, Appellant.

"Summary judgment is an appropriate vehicle for determining whether a plaintiff can establish, prima facie, a serious

injury" within the meaning of Insurance Law § 5102 (d) (see, Zoldas v Louise Cab Corp., 108 AD2d 378, 381).

In support of his motion for summary judgment, the appellant submitted, inter alia, the injured plaintiff's chiropractor's report and a verified bill of particulars. The medical evidence indicated that the injured plaintiff had suffered a cervical sprain. In response to the appellant's motion, the injured plaintiff offered his attorney's affirmation, his chiropractor's affirmation and his own affidavit claiming continued pain and limitation of movement.

We find that the appellant's motion should have been granted. The medical report and medical affirmation, both dated over five years after the accident, clearly demonstrate that the injured plaintiff did not suffer either permanent loss, permanent consequential limitation or a significant limitation of a body organ, member, function or system (see, Padron v Hood, 124 AD2d 718; Popp v Kremer, 124 AD2d 720). There is no evidence to indicate that plaintiff was disabled for a period of 90 days during the first 180 days after the accident and the injured plaintiff's affidavit of subjective pain was insufficient to raise a triable issue (see, Zoldas v Louise Cab Corp., supra; Dwyer v Tracey, 105 AD2d 476; De Filippo v White, 101 AD2d 801). We also note that we have declined to follow the rule of the Appellate Division, Third Department, which would require a defendant to submit a physician's affidavit in order to prevail on a motion for summary judgment where there is clearly a lack of merit to the plaintiff's serious injury claim (see, Padron v Hood, supra, at 720; Popp v Kremer, supra, at 721). Thompson, J. P., Kunzeman, Rubin and Harwood, JJ., concur.