■ ADRIENNE M. GARSON et al., Respondents, v THOMAS DOWD, JR., Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Rockland County (Meehan, J.), dated March 2, 1987, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The record, which includes the plaintiffs' verified complaint, verified bill of particulars, and relevant portions of the injured plaintiff's examination before trial, indicates that the injuries allegedly sustained by her did not constitute "serious injury"

within the meaning of Insurance Law § 5102 (d) *(see, Songer v Henry W. Muthig, Inc.,* 131 AD2d 657).

Under the circumstances, the defendant's failure to submit a medical affidavit does not preclude the granting of his summary judgment motion predicated upon the female plaintiff's failure to sustain a serious injury *(see, Songer v Henry W. Muthig, Inc., supra; Popp v Kremer,* 124 AD2d 720; *Padron v Hood,* 124 AD2d 718). The defendant's motion for summary judgment was made after the plaintiffs had served and filed a note of issue and statement of readiness, without submitting any medical reports in support of the injured plaintiff's claimed injuries. In opposition to the defendant's motion, the plaintiffs still failed to submit any medical proof in support of their conclusory allegations of the injured plaintiff's claimed soft tissue injuries, "limited movement" and "pain". As we recently noted, " '[a] minor, mild or slight limitation of use should be classified as insignificant within the meaning of the statute' *(Licari v Elliott,* [57 NY2d 230,] 236). An allegation of occasional pain does not constitute a 'significant limitation' within the meaning of the statute *(Scheer v Koubek,* 70 NY2d 678, 679, quoting from Insurance Law § 5102 [d])" *(Palmer v Amaker,* 141 AD2d 622, 623).

Accordingly, the defendant's motion should have been granted and the complaint dismissed. Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.