■ KEVIN SUNDACK, Respondent, v POWER TEST PETRO CORP. et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Joy, J.), dated December 18, 1987, which denied their motion for summary judgment dismissing the complaint predicated on the plaintiff's failure to meet the threshold requirement of a "serious injury" as defined by Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

In support of their motion for summary judgment, the defendants submitted, *inter alia,* the plaintiff's verified complaint, the verified bill of particulars and medical reports from two physicians who examined the plaintiff on behalf of their insurance company. The plaintiff did not oppose the motion. The medical and other proof indicated that the plaintiff had suffered a cervical and lumbar sprain for which he was treated in the emergency room of a hospital on the date of the accident and confined to home for a period of 8 or 9 days. The medical reports indicated that the plaintiff suffered no permanent disability and that any injuries he did suffer were minor.

Upon our review of the record, we conclude that the plaintiff failed to establish prima facie that he had sustained a "serious injury" within the meaning of Insurance Law § 5102 (d) *(see, Licari v Elliott,* 57 NY2d 230, 237; *Palmer v Amaker,* 141 AD2d 622, 623) and the defendants' motion should have been granted. The defendants' failure to submit sworn medical affidavits in support of their motion did not preclude the granting of summary judgment since the plaintiff's serious injury claim clearly lacks merit *(see, e.g., Palmer v Amaker, supra; Songer v Henry W. Muthig, Inc.,* 131 AD2d 657). The plaintiff offered no opposing medical evidence of permanence of loss or proof as to the presence or extent of any alleged limitation and the plaintiff's subjective complaints of pain were insufficient to raise a triable issue of fact *(see, Scheer v Koubek,* 70 NY2d 678; *Garson v Dowd,* 143 AD2d 113, 114; *Palmer v Amaker, supra).* Moreover, the plaintiff made no effort to substantiate his claim of incapacity so as to fit within the requirement that he be disabled for a period of 90 days during the first 180 days after the accident *(see, Wright v*

*Melendez,* 140 AD2d 337, 338). Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.