■ GABRIELLE DEANGELO, Appellant, v FIDEL CORP. SERVICES, INC., et al., Respondents.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered May 23, 1990, which granted the cross-motion of defendants seeking summary judgment dismissing plaintiff's complaint, unanimously reversed, on the law, and the cross-motion denied, without costs.

This case involves a personal injury action brought by plaintiff Gabrielle DeAngelo, who alleges that on February 20, 1988, while crossing West 235th Street, she was knocked down by a car driven by defendant Steven Allen Levine, owned by defendant Fidel Corp. Services, Inc., and leased by defendant Elkman Advertising Co., Inc. The instant appeal concerns whether plaintiff's complaint should be dismissed for failure to meet the no-fault threshold under Insurance Law § 5104 (a). Specifically, defendants assert that plaintiff's alleged injuries failed to meet the test to qualify as a "serious injury" as defined by Insurance Law § 5102 (d).

As the Supreme Court correctly noted, the initial burden was upon defendant to present evidence establishing that plaintiff has no cause of action; only when that burden was met would plaintiff be required to establish a prima facie case that she sustained a serious injury within the meaning of Insurance Law § 5102. *(Licari v Elliott,* 57 NY2d 230, 237, 239-240 [1982]; *Zoldas v Louise Cab Corp.,* 108 AD2d 378, 381-382 [1st Dept 1985]; *McKnight v LaValle,* 147 AD2d 902 [4th Dept 1989], *lv denied* 74 NY2d 605; *La Frenire v Capital Dist. Transp. Auth.,* 96 AD2d 664, 665 [3d Dept 1983].) Here, the court erred in concluding that defendants made a sufficient evidentiary showing to entitle them to relief since their evi-

dence consisted of various unsworn medical reports by their physicians. *(Zoldas v Louise Cab Corp.,* 108 AD2d, *supra,* at 383; *La Frenire v Capital Dist. Transp. Auth.,* 96 AD2d, *supra,* at 665; *cf., Sundack v Power Test Petro Corp.,* 150 AD2d 440 [2d Dept 1989].)

Moreover, plaintiff's submission of a medical affidavit sworn to by Dr. Murray Burton, indicated injuries including a chronic sprain of the lower back, which was resistant to treatment, and chondromalacia of the right knee. Dr. Burton recommended an arthroscopy and possible lateral release procedure as to the knee injury. This was sufficient to raise a question of fact as to whether plaintiff sustained a "significant limitation of use of a body function or system". (Insurance Law § 5102 [d]; *Healea v Andriani,* 158 AD2d 587 [2d Dept 1990]; *cf., Zoldas v Louise Cab Corp.,* 108 AD2d, *supra,* at 384 [doctor's report, even if "competent" evidence, regarded only subjective complaints, failing to note "a limitation of any kind"].) Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.