■ BELISARIO DUARTE et al., Appellants, v TANYEE-SING ESTER, Also Known as ESTER TANYEE-SING, et al., Respondents. (Action No. 1.) ALAILY S. WONG, Plaintiff, v ESTER TANYEE-SING et al., Defendants. (Action No. 2.) GLORIA CORREA,

Plaintiff, v ESTER TANYEE-SING et al., Defendants. (Action No. 3.) [668 NYS2d 631] —In three related actions, *inter alia,* to recover damages for personal injuries, the plaintiffs in Action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated December 2, 1996, as granted those branches of the respective motions of the defendants in Action No. 1 which were for summary judgment dismissing the complaint in Action No. 1 on the ground that the injured plaintiff in Action No. 1 did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the defendants' respective motions which were for summary judgment dismissing the complaint in Action No. 1 are denied.

In opposition to the defendants' respective motions for summary judgment dismissing the complaint in Action No. 1 on the ground that the injured plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d), the plaintiffs submitted the sworn medical reports of two physicians who examined the injured plaintiff in June and July 1996, three and one-half years after the accident. These physicians diagnosed his ailment as derangement of the left knee, resulting in a 10% reduction in full flexion of the knee and atrophy of the left thigh, requiring evaluation for arthroscopic surgery. The Supreme Court found that these affidavits were insufficient, on the ground that they were "subjective". We disagree. The injured plaintiff's proof of quantified limitation of motion *(see, Spadola v Miller,* 243 AD2d 462), which could require surgery, established a prima facie case of serious injury *(see, Assaf v Ropog Cab Corp.,* 153 AD2d 520). O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.