■ CARLOS SUAREZ, Respondent, v SHIGEO ABE et al., Appellants. [772 NYS2d 317]—

Order, Supreme Court, New York County (Milton Tingling, J.), entered June 6, 2002, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, reversed, on the law, without costs, the motion granted and the complaint dismissed. The clerk is directed to enter judgment accordingly.

Plaintiff, born in 1966, first injured his right knee while playing football at the age of 15. Several years later, in 1986, he underwent surgery to repair his anterior cruciate ligament. In March 1993, plaintiff again injured his right knee in a workplace mishap, and since then has been receiving disability payments based on the resulting infirmity of that knee. The knee condition required plaintiff to undergo anterior cruciate ligament reconstructive surgery in February 1995 and arthroscopic surgery in February 1997, the latter resulting in a diagnosis of a tear of the medial meniscus and chondromalacia. As of 1997, plaintiff was using a cane and wearing a knee support. On April 27, 1998, plaintiff's treating physician, Dr. Francis Pflum, diagnosed a new tear of the lateral meniscus of the right knee, and requested that the workers' compensation carrier authorize an additional arthroscopic surgery to excise the damaged tissue. On May 8, 1998, the Workers' Compensation Board directed the carrier to send Dr. Pflum a written authorization for such surgery.

On May 19, 1998—11 days after the aforementioned action of the Workers' Compensation Board—plaintiff was involved in a motor vehicle accident that he now alleges was the cause of "serious injury" (within the meaning of Insurance Law § 5102 [d]) to his already battered right knee. The question presented is whether, in response to defendant's well-supported summary

judgment motion, plaintiff met his burden to come forward with objective medical evidence that the subject motor vehicle accident aggravated his preexisting knee condition so severely as to produce a statutory serious injury above and beyond the preexisting condition (*see Shinn v Catanzaro,* 1 AD3d 195, 198-199 [2003]; *Lorthe v Adeyeye,* 306 AD2d 252, 253 [2003]). Under Insurance Law § 5102 (d), as interpreted by the Court of Appeals in *Toure v Avis Rent A Car Sys.* (98 NY2d 345 [2002]), the claim that plaintiff suffered such a serious injury must be substantiated by "objective proof," such as "an expert's designation of a numeric percentage of a plaintiff's loss of range of motion" (*id.* at 350), or "[a]n expert's *qualitative* assessment of a plaintiff's condition . . . , provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*id.* [emphasis in original]). Such an "objective basis" for the expert's assessment may be provided by, for example, competent interpretations of MRI or CT scans (*id.* at 353, 355).

Plaintiff's opposition to the summary judgment motion utterly failed to meet the foregoing standards. The sole medical evidence on which plaintiff relied was Dr. Pflum's affidavit and a file note by the same physician, dated three days after the subject accident. Although these documents state a diagnosis of "acute soft tissue injury" and a possible "bone bruise," and the affidavit asserts in conclusory fashion that the May 1998 accident caused "exacerbations to [plaintiff's] prior right knee condition," neither document sets forth any assessment of a statutory serious injury that meets the standards of *Toure.* The affidavit and the file note fail to offer any quantitative assessment, in terms of numeric percentage, of the range of motion lost specifically as a result of this accident. The documents also fail to offer a qualitative assessment of how the subject accident reduced the functioning of the knee below the level of function that existed immediately prior to the accident. Further, the documents do not set forth any objective medical evidence substantiating a finding that the subject accident caused a serious injury.* In sum, plaintiff has not come forward with evidence sufficient to show that the subject accident exacerbated the nearly two-decade-old preexisting infirmity so severely as to constitute a new serious injury within the meaning of the No-Fault Law. Indeed, plaintiff's medical evidence is so perfunctory

---

* Although the file note states that an x ray was taken, the only thing Dr. Pflum appears to have determined from reading the x ray was the absence of any "acute fracture."

that it would not suffice to support a finding of any substantial aggravating injury. Accordingly, we reverse and grant defendants' motion for summary judgment dismissing the complaint. Concur—Saxe, J.P., Williams and Friedman, JJ.

Rosenberger and Lerner, JJ., dissent in a memorandum by Rosenberger, J., as follows: Defendants contend that the injuries to plaintiff's knee predated the accident and that the exacerbation of his condition, as found by examinations conducted by his physician both before and after the incident, does not meet the statutory threshold (Insurance Law § 5102 [d]). Notably, this Court has found similar injuries to be "serious" within the contemplation of the statute (*Duarte v Ester*, 247 AD2d 356 [1998]; *DeAngelo v Fidel Corp. Servs.*, 171 AD2d 588, 589 [1991]), and defendants' contrary assertions are unsupported by the affidavit of a physician (*see DeAngelo* at 588-589; *cf. Lowe v Bennett*, 122 AD2d 728, 729-730 [1986], *affd* 69 NY2d 700 [1986]). Rather, defendants rely on contradictions in the treating physician's records to dispute his conclusions.

Defendants have failed to establish a prima facie case of entitlement to summary judgment. The contradictions which they identify raise factual issues requiring resolution by the trier of fact (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]; *Wiener v Ga-Ro Die Cutting*, 104 AD2d 331, 333 [1984], *affd* 65 NY2d 732 [1985]), thereby precluding the award of summary judgment as a matter of law (*see Manrique v Warshaw Woolen Assoc.*, 297 AD2d 519, 521 [2002]).

Accordingly, the order should be affirmed.