Barahona v Perez (2020 NY Slip Op 05675)





Barahona v Perez


2020 NY Slip Op 05675


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


Index No. 21767/15E Appeal No. 12019 Case No. 2019-5434 

[*1]Augusto Barahona, Plaintiff-Appellant-Respondent,
v
Octavio Perez, Defendant, Bedi Omid, Defendant-Respondent.


Law Offices of Michael S. Lamonsoff, PLLC, New York (Stacey Haskel of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia (Amy E. Bedell of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered June 24, 2019, which, to the extent appealed from, granted defendant Omid's motion for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion denied.
Defendant Omid established prima facie that he was not responsible for the collision in which his vehicle struck the side of defendant Perez's vehicle, in which plaintiff was a passenger, in the middle of an intersection. Vehicle and Traffic Law § 1142(a) requires a driver approaching a stop sign to "yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard." Omid submitted evidence that his approach to the intersection was not controlled by a traffic device, that Perez had a stop sign to heed before entering the intersection, and that Perez's vehicle had entered the intersection while Omid's vehicle was so close to the intersection, with the right of way, as to present an immediate hazard. Omid testified that the collision occurred because he had no time to react.
However, the record presents issues of fact whether Perez heeded the stop sign before entering the intersection at a slow rate of speed and whether Omid, who was traveling at 10 to 15 miles per hour toward the intersection along a road with no traffic control device, maintained a proper lookout and made reasonable use of his senses before colliding with Perez's vehicle, which had entered the intersection just moments before (see Rivera v Berrios Trans. Serv. Inc., 64 AD3d 416 [1st Dept 2009]; Pappalardi v Jones, 29 AD3d 391 [1st Dept 2006]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020