Caparitia v Johnson (2023 NY Slip Op 02739)

Caparitia v Johnson

2023 NY Slip Op 02739

Decided on May 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 18, 2023

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, Higgitt, JJ. 

Index No. 25244/18E Appeal No. 278 Case No. 2022-02076 

[*1]Monishia M. Caparitia, Plaintiff-Respondent,
v
Robert Johnson et al., Defendants-Appellants.

Correia, Conway & Stiefeld, White Plains (Michael G. Conway of counsel), for appellants.
Subin Associates, LLP, New York (Robert J. Eisen of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about March 23, 2022, which, to the extent appealed from, granted plaintiff's motion for summary judgment dismissing the affirmative defense of comparative fault, unanimously reversed, on the law, and the motion denied, without costs.
Although plaintiff demonstrated entitlement to partial summary judgment on the issue of liability, plaintiff's evidence, which included dashcam footage from her ambulance, did not eliminate issues of fact as to her own comparative negligence. Generally, a driver with the right-of-way is entitled to anticipate that a motorist will obey traffic laws that require them to yield (Jordan v City of New York, 12 AD3d 326, 937 [1st Dept 2004]), and is not comparatively at fault if they have only seconds to react to a vehicle that has failed to yield (Fuertes v City of New York, 146 AD3d 936 [2d Dept 2017]). However, the driver traveling with the right-of-way may be found to have contributed to the accident if they d0 not use reasonable care to avoid the accident (Desio v Cerebral Palsy Transp., Inc., 121 AD3d 1033, 1034-1035 [2d Dept 2014]). The record here presents issues of fact as to the reasonableness of plaintiff's response to the situation presented by the tractor trailer turning right from the left lane in front of her. While plaintiff testified that she braked as soon as she saw the tractor trailer start to turn, a jury viewing the dashcam video could conclude that she had more than only seconds to react and could have used reasonable care to avoid the accident.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2023