Hsin Cheng v Adami (2024 NY Slip Op 04764)

Hsin Cheng v Adami

2024 NY Slip Op 04764

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2023-07178
 (Index No. 524079/20)

[*1]Hsin Cheng, appellant, 
v
Vincent Marc Adami, respondent.

Steven Louros, New York, NY, for appellant.
James F. Butler, Jericho, NY (Nancy S. Goodman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated May 30, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's affirmative defenses alleging comparative negligence and the emergency doctrine.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's affirmative defenses alleging comparative negligence and the emergency doctrine are granted.
This action arises out of a motor vehicle accident that occurred at the intersection of 12th Avenue and 71st Street in Brooklyn. According to the parties' affidavits, the plaintiff was driving a vehicle on 12th Avenue, which has no traffic control device at the intersection with 71st Street. The defendant was driving a vehicle on 71st Street, which has a stop sign at the intersection with 12th Avenue. The defendant did not observe the plaintiff's vehicle before traveling past the stop sign and into the intersection, where the two vehicles collided.
The plaintiff commenced this action to recover damages for personal injuries and thereafter moved, inter alia, for summary judgment on the issue of liability and dismissing the defendant's affirmative defenses alleging comparative negligence and the emergency doctrine. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability, determining that the defendant was negligent as a matter of law for failing to yield the right-of-way at a stop sign in violation of Vehicle and Traffic Law § 1142(a). However, the court denied those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's affirmative defenses alleging comparative negligence and the emergency doctrine. The plaintiff appeals.
While the plaintiff was entitled to anticipate that the defendant would obey the traffic laws requiring the defendant to yield to the plaintiff as the driver with the right-of-way (see Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974), "a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care [*2]to avoid the accident" (Arias v Tiao, 123 AD3d 857, 858). At the same time, "[a] driver with the right-of-way who has only seconds to react to a vehicle that has failed to yield is not comparatively negligent for failing to avoid the collision" (Adobea v Junel, 114 AD3d 818, 820 [internal quotation marks omitted]).
Here, the plaintiff established, prima facie, that he was not comparatively negligent in the happening of the accident. The plaintiff stated in his affidavit that he was traveling approximately 15 to 20 miles per hour, that the time from when he saw the defendant's vehicle to the time of impact was only one to two seconds, and that he had no time to stop or maneuver his vehicle to avoid the collision (see Pivetz v Brusco, 145 AD3d 806, 807-808; Williams v Hayes, 103 AD3d 713, 714).
In opposition, the defendant failed to raise a triable issue of fact as to the plaintiff's comparative negligence (see Pivetz v Brusco, 145 AD3d at 808). The fact that the accident occurred in the middle of the intersection did not raise a triable issue of fact, as the defendant did not dispute that the plaintiff was traveling at or below the speed limit and was too close to the intersection when the defendant entered it to avoid the accident (see Williams v Hayes, 103 AD3d at 714). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defense alleging comparative negligence.
"[T]he emergency doctrine does not apply where the party seeking to invoke it created or contributed to the emergency" (Burgess v Little Wolf Cabinet Shop, Inc., 226 AD3d 957, 958 [internal quotation marks omitted]; see Pearson v Northstar Limousine, Inc., 123 AD3d 991, 991-992). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law dismissing the defendant's affirmative defense alleging the emergency doctrine by demonstrating that the emergency condition was created by the defendant's negligent operation of his vehicle (see Burgess v Little Wolf Cabinet Shop, Inc., 226 AD3d at 959; Pearson v Northstar Limousine, Inc., 123 AD3d at 991-992). In opposition, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defense alleging the emergency doctrine.
The defendant's remaining contentions are without merit. In light of our determination, we need not consider the plaintiff's remaining contention.
IANNACCI, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court