Richards v Walls (2025 NY Slip Op 02889)

Richards v Walls

2025 NY Slip Op 02889

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 813628/21|Appeal No. 4347-4348|Case No. 2025-00211, 2023-01845|

[*1]Francisco Richards, Plaintiff-Respondent,
v
Christopher Walls et al., Defendants-Appellants.

Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Guy Des Rosiers of counsel), for appellants.
Ikhilov & Associates, Brooklyn (Beth S. Gereg and Andrei A. Popescu of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered March 21, 2023, which granted plaintiff's motion for summary judgment on liability and struck defendants' comparative negligence and proximate cause defenses, unanimously reversed, on the law, without costs, and the motion denied. Appeal from order, same court and Justice, entered December 20, 2024, which denied defendants' motion for leave to renew, unanimously dismissed, without costs, as academic.
In this motor vehicle action, defendants' tractor-trailer struck the left side of plaintiff's vehicle while they were both driving southbound on Zerega Avenue in the Bronx. In support of his motion for summary judgment, plaintiff submitted his translated affidavit and dashcam footage from defendants' vehicle. He argued that defendant driver made an unsafe lane change in violation of Vehicle and Traffic Law § 1128(a), which provides that "[w]henever any roadway has been divided into two or more clearly marked lanes for traffic . . . [a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."
Plaintiff failed to demonstrate his entitlement to summary judgment. His affidavit, which was not accompanied by an affidavit from a translator attesting to the translator's qualifications and the accuracy of the affidavit, does not comply with CPLR 2101(b) and is therefore inadmissible (see Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 54 [2d Dept 2011]). Even if the affidavit could be considered, the dashcam video does not "conclusively establish" that defendant driver violated Vehicle and Traffic Law § 1128(a) or eliminate issues of fact as to how the accident occurred (see Derouen v Savoy Park Owner, L.L.C., 109 AD3d 706, 706 [1st Dept 2013]).
The dashcam video shows that Zerega Avenue was not divided into lanes in the southbound direction, and that neither vehicle was driving within a "clearly marked" lane of traffic when plaintiff's vehicle drove up on the right side of defendants' tractor-trailer. Moreover, the dashcam footage does not establish that defendant driver caused the accident by moving into plaintiff's lane of traffic when it was not safe to do so. A factfinder viewing the video could also conclude that it was plaintiff who caused the collision by attempting to pass or cross in front of defendants' truck on the right side when it was not safe to do so. The footage also raises issues of fact as to the reasonableness of plaintiff's response to the situation and efforts to avoid the collision (see Caparitia v Johnson, 216 AD3d 529 [1st Dept 2023]; Barahona v Perez, 187 AD3d 498, 499 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025