Estrella v 20 Bruckner, LLC (2026 NY Slip Op 01453)

Estrella v 20 Bruckner, LLC

2026 NY Slip Op 01453

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Chan, Hagler, JJ. 

Index No. 803258/21|Appeal No. 6103-6103A|Case No. 2025-04578|

[*1]Ricardo Estrella, Plaintiff-Respondent,
v20 Bruckner, LLC, et al., Defendants-Appellants, Bruckner Associates LLC, Defendant. [And Third-Party Actions]

Hoffman Matlin & Monroy, LLP, New York (John T. Hague of counsel), for appellants.
Law Office of Michael James Prisco PLLC, Massapequa (Michael J. Prisco of counsel), for respondent.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered July 18, 2025, which, to the extent appealed from and appealable, denied the motion of defendants 20 Bruckner, LLC, GDI Construction, LLC, and Bruckner Ventures, LLC insofar as they sought leave to renew plaintiff's motion to strike their answer, and, upon renewal, to deny plaintiff's motion; or, in the alternative, to vacate an order, same court and Justice, entered October 9, 2024 which granted plaintiff's motion to strike defendants' answer upon their default, and, upon vacatur, to deny the motion, vacate the note of issue and certificate of trial readiness, and set the matter down for a compliance conference, unanimously modified, on the law, to grant so much of defendants' motion as sought to vacate the October 9, 2024 order and, upon vacatur, to deny plaintiff's motion to strike their answer, and set the matter down for an immediate compliance conference to schedule all outstanding post-note discovery to be completed in an expedited manner, and otherwise affirmed, without costs. Appeal from so much of the July 18, 2025 order as denied defendants' motion for leave to reargue, unanimously dismissed, without costs, as taken from a nonappealable paper.
Defendants' appeal from so much of the order as denied their motion for leave to reargue must be dismissed, as no appeal lies from the denial of a motion for leave to reargue (see e.g. Mehling v Corinthian Condominium, 238 AD3d 517, 517 [1st Dept 2025]).
Supreme Court properly denied defendants' motion for leave to renew, as defendants did not file any written opposition to the motion, and thus there was nothing to renew (see BSD 253, LLC v Wilmington Sav. Fund Socy., FSB, 219 AD3d 900, 901 [2d Dept 2023]). In any event, defendants did not offer any new facts that would have changed the outcome of plaintiff's motion to strike (see e.g. Wade v Giacobbe, 176 AD3d 641, 641 [1st Dept 2019], lv dismissed 35 NY3d 937 [2020]; Henry v Peguero, 72 AD3d 600, 603 [1st Dept 2010], appeal dismissed 15 NY3d 820 [2010]).
However, Supreme Court should have vacated so much of the October 9, 2024 order as granted plaintiff's motion to strike the answer. Initially, contrary to plaintiff's assertion, the court's October 9 order indicates that it was entered on defendants' default, specifically noting that defendants did not file any opposition to the motion. Further, the order does not acknowledge defendants' application at oral argument for an adjournment, and in fact, does not note that oral argument even occurred (cf. Matter of Duval v Centerlight Health Sys., Inc, 216 AD3d 529, 530 [1st Dept 2023]; Vaca v Village View Hous. Corp., 170 AD3d 619, 620 [1st Dept 2019]).
In addition, upon vacatur of the October 2024 order, Supreme Court should have denied plaintiff's motion to strike the answer. Defendants offered a reasonable excuse for their default in opposing plaintiff's motion— namely, their inadvertent failure to calendar the motion's latest return date in the midst of an insurance coverage dispute (see CPLR 2005; First Am. Tit. Ins. Co. v Successful Abstract, LLC, 211 AD3d 575, 575 [1st Dept 2022]; see Cornwall Warehousing, Inc. v Lerner, 171 AD3d 540, 540 [1st Dept 2019]).
Defendants also established a meritorious opposition to plaintiff's motion, as the affirmation of good faith did not indicate that plaintiff's counsel consulted with defendants' counsel, either in person or by telephone, in order to resolve the dispute(see Uniform Rules for Trial Cts [22 NYCRR] §§ 202.7 [a], [c]; 202.20-f [a]-[b]). Furthermore, although the record shows that plaintiff sent one email to defendant's counsel and left defendant's counsel one voicemail, this evidence is insufficient to show that counsel conferred in good faith to attempt to resolve the dispute without court intervention (see Servan v ES Bldrs. Group LLC, 241 AD3d 1192, 1192 [1st Dept 2025]; Amato v Verizon N.Y. Inc., 205 AD3d 406, 406-407 [1st Dept 2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026